**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| ERLINDA CZYZEWSKI,<br><br>        Plaintiff,<br><br>v.<br><br>COMENITY BANK<br><br>        Defendant. | Case No. 6:19-cv-372<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1.   Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2.   FLA. STAT. § 559.72 *et seq.*;<br>3.   Intrusion Upon Seclusion; and<br>4.   FLA. STAT. § 768.72 *et seq* |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, Erlinda Czyzewski ("Plaintiff"), by and through her attorneys, and hereby alleges the following against Defendant, Comenity Bank ("Defendant" or "Comenity"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. § 559.72, which prohibits persons from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns… that would be highly offensive to a reasonable person."

4. Count IV Plaintiff's Complaint is based upon Punitive Damages, Fla. Statute § 768.72, which allows a Plaintiff to recover punitive damages where "the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. § 1331.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the State of Florida.

8. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

9. The debt in question is a "consumer debt" as defined by § 559.55(6).

10. At all relevant times herein, Defendant Comenity, was a company engaged, by use of mails and telephone, in the business of collection a debt from Plaintiff which qualifies as a "consumer debt" as defined by FCCPA § 559.55(6).

11. Defendant was and is a "person" as said term is defined under Florida Statute § 1.01(3) and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

12. Defendant is a financial institution with its principal place of business located in Wilmington, DE. Defendant's registered agent, The Corporation Trust Company, can be served with process at the Corporation Trust Center on 1209 Orange St., Wilmington, DE 19801.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. In or around November 2018, in an attempt to collect on an alleged consumer account, Defendant began calling Plaintiff on her cellular phone number ending in 2758.

15. Defendant called Plaintiff from (505) 253-0598, (505) 253-0595, (614) 729-6085, (614) 729-6078, (513) 707-6992, (844) 271-2816, (614) 754-4135, (877) 285-4015, (720) 456-2816, (614) 754-4135, (877) 285-4015, (720) 456-3689, (913) 677-8323, (913) 677-8324, (614) 534-2514, (614) 754-4138, (614) 754-4137, (614) 729-7570, (800) 695-0019, and (877) 475-3483..

16. Upon information and belief, Defendant owns and operates the above-referenced phone numbers.

17. On or about November 23, 2018, at 2:37 p.m., Plaintiff received a call on her cell phone from (614) 754-4138. Plaintiff heard a pause before the representative began to speak, indicating the use of an automated telephone dialing system.

18. During this call, Plaintiff stated that she had no money to make a payment today, that she has been helping her family financially and she fell behind on her rent.

19. Further, Plaintiff stated that Defendant should only contact her by mail and when she could make a payment, she would call Defendant.

20. Despite revoking consent, Plaintiff continued to receive phone calls from Defendant, throughout the month of November and December 2018.

21. On or about January 3, 2019, at 9:17 a.m., Plaintiff received a call on her cell phone from (800) 695-0019. Plaintiff heard a short pause before the representative began to speak, indicating the use of an automated telephone dialing system.

22. During this call, the Plaintiff stated that she already explained to Defendant that she has no money to make a payment and asked why she was still receiving calls.

23. Further, Plaintiff again stated that she would call Defendant when she could make a payment.

24. Despite this second conversation with Defendant, Plaintiff continued to receive automated debt collection calls to her cell phone.

25. Between November 23, 2018, and January 17, 2019, Plaintiff received approximately one-hundred and twenty calls to her cell phone after requesting Defendant to contact her by mail only.

26. There were several occasions where the Defendant called Plaintiff multiple times in one day, even calling up to six (6) times in a single day.

27. Defendant also left prerecorded or artificial voice messages for Plaintiff.

28. Moreover, Defendant sent Plaintiff automated text messages to her cell phone after Plaintiff had requested that all communications be by mail only.

29. Defendant sent approximately twenty (20) automated text messages to Plaintiff after she had spoken to Defendant and requested communication to be by mail.

30. Defendant's calls and texts were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

31. Defendant was aware that Plaintiff was facing financial difficulties, that she could not make a payment, that she was struggling to pay her rent, that she was helping her family financially, that she wanted the calls to stop, and that she would call Defendant when she could make a payment.

32. The conduct was not only willful, grossly negligent and intentional, but was done with intention of causing Plaintiff such distress, so as to induce her to pay the debt.

33. Plaintiff is approximately sixty-one (61) years of age.

34. Upon information and belief, Defendant is aware of Plaintiff's age and placed each telephone call and text message knowing that Plaintiff was an elderly woman.

35. Plaintiff works as a server at a retirement home and her hours are inconsistent.

36. Plaintiff does not receive any financial help from any other sources.

37. Plaintiff is responsible for providing financial assistance to her family located in the Philippines.

38. Plaintiff is on prescription medication.

39. Defendant's automated debt collection calls have caused Plaintiff to suffer from stress, anxiety, headaches, sleepless nights and frustration.

40. Due to Defendant's actions, Plaintiff has suffered emotional distress and an invasion of her privacy.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

41. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as though fully stated therein.

42. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

43. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II

**(Violations of the FCCPA, FLA. STAT. § 559.72 *et seq*.)**

44. Plaintiff incorporates by reference paragraphs one (1) through thirty-four (34) of this Complaint as though fully stated therein.

45. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a.    Defendant violated FLA. STAT. § 559.72 (7), which states in part that it is a violation to "[w]illfully communicate with the debtor … with such frequency as can reasonably be expected to harass the debtor … or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor …."

    b.    Defendant called Plaintiff approximately one hundred and twenty (120) times and sent approximately twenty (20) text messages after Plaintiff revoked consent to be called, explained that she was going through a financial difficulty, that she had no money, that she would call Defendant when she could make a payment, and that she wanted all communication by mail only.

46.    As a result of the foregoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages, and attorneys' fees and costs.

## COUNT III

### (Intrusion Upon Seclusion)

47.    Plaintiff incorporates by reference paragraphs one (1) through thirty-eight (38) of this Complaint as though fully stated therein.

48.    Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes … upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a.    Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's requests for all communication to be by mail only.

    b.    The number and frequency of the telephone calls to Plaintiff by Defendant after Plaintiff's request for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c.    Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's daily schedule.

    d.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

50.    As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## COUNT IV

### (Fla. Statute § 768.72 – Punitive Damages)

51.    Plaintiff incorporates herein by reference paragraphs one (1) through forty-one (41) of this Complaint as though fully set forth herein at length.

52.    Fla. Statute § 768.72 allows a Plaintiff to recover punitive damages where "the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."

53.    Fla. Statute § 768.72(2)(a) defines "intentional misconduct" as defendant having "actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage."

54.    Fla. Statute § 768.72(2)(b) defines "Gross negligence" as "reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct."

55.    Plaintiff is informed and believes that the aforesaid conduct was malicious, wanton, and oppressive, as those terms are defined by Fla. Statute § 768.72(2), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights and safety.

56. Defendant was aware that Plaintiff was having financial difficulty, that she could not make a payment, that she requested to not be called on her cell phone, and that she would call Defendant when could make a payment, and yet, Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, FCCPA, and Plaintiff's privacy rights.

57. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff, Erlinda Czyzewski, respectfully requests judgment be entered against Defendant, Comenity Bank, for the following:

58. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

59. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3);

60. Statutory damages of $1,000.00 pursuant to the FCCPA, FLA. STAT. § 559.77;

61. Actual damages pursuant to FCCPA, FLA. STAT. § 559.77;

62. Punitive damages pursuant to FCCPA, FLA. STAT. § 559.77;

63. Costs and reasonable attorneys' fees pursuant to the FCCPA, FLA. STAT. § 559.77;

64. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their intentional misconduct and/or gross negligence, pursuant to Fla. Statute § 768.73;

65. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

66. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 25th day of February 2019.

By: /s/*Aaron M. Swift*
Aaron M. Swift, Esq.
FBN 0093088
Swift & Isringhaus, P.A.
10460 Roosevelt Blvd. N., Suite 313
St. Petersburg, FL 33716
Telephone: (727) 490-9919
Facsimile: (727) 255-5332
aswift@swift-law.com
*Attorney for Plaintiff*,
*Erlinda Czyzewski*
